UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND

Cardelia Maupin                        *
2413 Pondside Terrace                  *
Silver Spring, Md 20906                *
                                       *
        Plaintiff,                     *
v.                                     *      Case No: 1:26-cv-01429
                                       *
HO K. NIEH, Chairman,                  *
Nuclear Regulatory Commission,         *
 11555 Rockville Pike,                 *
Rockville, MD 20852                    *
        Defendant.                     *

************************************************************

## COMPLAINT

The Plaintiff, CARDELIA MAUPIN, by and through her attorney, Patricia R. Peterson, Esq., Samuel Q. Elira, and The Elira Law Firm, LLC, files this complaint against the Nuclear Regulatory Commission for Title VII and ADEA, Retaliation, Discrimination, and Hostile Work Environment and states as follows:

### Jurisdiction and Venue

1.  This Court has jurisdiction over this action pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-5(f)(3), Age Discrimination in Employment Act of 1967, 29 U.S.C. § 626(c) and 621 et seq., and 28 U.S.C. §§ 1331 and 1343.

2.  Venue is proper in this Court under 28 U.S.C. § 1391 because the events giving rise to this claim occurred in Rockville, Maryland, within the jurisdiction of this Court.

### Parties

3.  Plaintiff, Cardelia Maupin, is an African American female born in 1961 and was employed as a Senior Project Manager/Health Physicist at the Nuclear Regulatory Commission's facility in Rockville, Maryland.

4.  Defendant, HO K. NIEH is the Chairman of the Nuclear Regulatory Commission, a federal agency. Defendant may be served via the U.S. Attorney's Office for the District of Maryland,

U.S. Attorney General, U.S. Department of Justice, 950 Pennsylvania Avenue, NW, Washington, DC 20530-0001; and U.S. Nuclear Regulatory Commission, Office of General Counsel, Rockville, Maryland.

### Exhaustion of Administrative Remedies

5. On May 11, 2023, Plaintiff filed an Equal Employment Opportunity ("EEO") complaint alleging discrimination and retaliation.

6. The Agency issued a final decision on November 21, 2024, finding no discrimination or retaliation.

7. Plaintiff appealed to the Equal Employment Opportunity Commission ("EEOC")

8. On January 13, 2026, the EEOC affirmed the Agency's decision.

9. Plaintiff files this action within 90 days of receipt of that decision.

### Statement of Facts

1. During meetings on December 13, 2022, Plaintiff's statements and contributions were mischaracterized in a manner that undermined her credibility in front of colleagues.

2. These actions stemmed from the Plaintiff raising harassment concerns against a previous employee, which brought about a hostile work environment.

3. Throughout December of 2022 to January 2023, the Plaintiff was accused of unprofessional conduct without fair investigation or factual basis.

4. On March 7, 2023, and March 9, 2023, Supervisors and coworkers treated Plaintiff in a disrespectful and dismissive manner; and management failed to address and take appropriate action when a white male disrespected the Plaintiff, accused the Plaintiff of lying, and justified the disrespect.

5. Plaintiff was subjected to statements and conduct indicating that her performance evaluation could be negatively affected due to her participation in EEO activity.

6. On or about April 27, 2023, informed of Supervisor's plan to lower performance.

7. Despite Plaintiff's complaints, Defendant failed to take effective action to address supervisors and coworker's conduct.

8. The conduct occurred repeatedly and interfered with Plaintiff's ability to perform her job.

9. As a result, Plaintiff experienced stress, emotional distress, and harm to her professional reputation.

10. On May 11, 2023, Plaintiff engaged in protected activity by filing an Equal Employment Opportunity ("EEO") complaint alleging discrimination based on race (African American), sex (female), age (born 1961), color (dark-skinned), and prior protected EEO activity.

## COUNT I

RETALIATORY HARASSMENT IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964 (42 U.S.C. § 2000e et seq.)

11. Plaintiff realleges and incorporates herein by reference each and every allegation contained in the preceding paragraphs 1 through 10 as though fully set forth at length herein.

12. Plaintiff engaged in protected activity under Title VII by filing an EEO complaint and by opposing employment practices she reasonably believed to be unlawful, including discriminatory and harassing conduct directed at her on the basis of her Race, Sex, Age, and Religion. 42 U.S.C. § 2000e-3(a). Both the opposition clause and the participation clause of Title VII's anti-retaliation provision protect Plaintiff's conduct, and neither requires that the underlying discrimination ultimately be proven, only that Plaintiff held a reasonable, good-faith belief that the practices she opposed violated the law.

13. Following her protected activity, Defendant, through its supervisory and managerial employees acting within the scope of their authority, subjected Plaintiff to a sustained and escalating pattern of retaliatory harassment, including but not limited to:

a) undermining Plaintiff's professional credibility by mischaracterizing and minimizing her contributions during team meetings and in communications with Agency leadership;

b) making unfounded accusations of unprofessional and harassing conduct against Plaintiff without conducting a fair, impartial, or procedurally adequate investigation;

c) engaging in hostile, disrespectful, and demeaning conduct toward Plaintiff in the workplace, designed to isolate and marginalize her among her colleagues and supervisors; and

d) issuing disciplinary threats and adverse performance evaluations as instruments of intimidation, directly tied to and following Plaintiff's exercise of her EEO rights.

14. The retaliatory conduct described herein constitutes materially adverse action within the meaning of Title VII's anti-retaliation provision. Burlington Northern & Santa Fe Railway Co. v. White, 548 U.S. 53, 68 (2006). Under *Burlington Northern*, the anti-retaliation provision is not limited to actions affecting the formal terms and conditions of employment; it encompasses any employer action that would dissuade a reasonable worker from making or supporting a charge of discrimination.

15. The retaliatory harassment was causally connected to Plaintiff's protected activity, as evidenced by the close temporal proximity between her EEO complaint and the onset of the harassment, the escalation of hostility thereafter, and explicit references by Defendant's agents to Plaintiff's protected EEO conduct.

16. Defendant knew or should have known of the retaliatory harassment by its supervisory employees but failed to take prompt and effective remedial action.

17. As a direct and proximate result of Defendant's retaliatory harassment, Plaintiff has suffered damages including emotional distress, humiliation, reputational harm, loss of professional standing, and other non-economic losses.

**COUNT II**

DISCRIMINATION AND HOSTILE WORK ENVIRONMENT IN VIOLATION OF TITLE VII OF THE

CIVIL RIGHTS ACT OF 1964 (42 U.S.C. § 2000e et seq.)

18. Plaintiff realleges and incorporates herein by reference each and every allegation contained in the preceding paragraphs 1 through 17 as though fully set forth at length herein.

19. Plaintiff is a member of protected classes under Title VII: an African American female of dark complexion. 42 U.S.C. § 2000e-2(a)(1).

20. Defendant subjected Plaintiff to unwelcome conduct that was based on her race, sex, and color, including but not limited to:

(a) Mischaracterizing Plaintiff's input and contributions during meetings to undermine her credibility before colleagues;

(b) Subjecting Plaintiff to unwarranted accusations of unprofessional conduct without proper investigation;

(c) Engaging in disrespectful, dismissive, and demeaning behavior specifically directed at Plaintiff;

(d) Treating Plaintiff differently from similarly situated employees outside her protected classes; and

(e) Failing to address Plaintiff's repeated complaints of discriminatory harassment.

21. The unwelcome conduct was sufficiently severe and pervasive to alter the terms, conditions, and privileges of Plaintiff's employment and to create an intimidating, hostile, and abusive working environment. Harris v. Forklift Sys., Inc., 510 U.S. 17, 21 (1993); Meritor Sav. Bank, FSB v. Vinson, 477 U.S. 57, 67 (1986).

22. Defendant knew or should have known of the discriminatory harassment but failed to take prompt and effective remedial action.

23. As a direct and proximate result of Defendant's discriminatory conduct and hostile work environment, Plaintiff has suffered damages, including emotional distress, humiliation, and harm to her professional reputation and career advancement.

COUNT III

HOSTILE WORK ENVIRONMENT IN VIOLATION OF THE AGE DISCRIMINATION IN EMPLOYMENT ACT (29 U.S.C. § 623 et seq.)

24. Plaintiff realleges and incorporates herein by reference each and every allegation contained in the preceding paragraphs 1 through 23 as though fully set forth at length herein.

25. Plaintiff was over 40 years of age at all relevant times and thus within the protected class under the ADEA. 29 U.S.C. § 631(a).

26. Defendant subjected Plaintiff to unwelcome conduct based on her age, including but not limited to the discriminatory acts alleged above that targeted Plaintiff due to her age relative to younger employees.

27. The age-based conduct was sufficiently severe or pervasive to alter the terms and conditions of Plaintiff's employment and create an abusive working environment. Babb v. Wilkie, 140 S. Ct. 1168, 1174 (2020) (recognizing ADEA hostile work environment claims).

28. Defendant knew or should have known of the age-based harassment but failed to take prompt and effective remedial action.

29. As a direct and proximate result of Defendant's age discrimination and hostile work environment, Plaintiff has suffered damages, including emotional distress, humiliation, and loss of professional opportunities.

**COUNT IV**

RETALIATION IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964 (42 U.S.C. § 2000e et seq.)

30. Plaintiff realleges and incorporates herein by reference each and every allegation contained in the preceding paragraphs 1 through 29 as though fully set forth at length herein.

31. Plaintiff engaged in protected activity under Title VII by filing an EEO complaint opposing unlawful employment practices.

32. Thereafter, Defendant took discrete materially adverse employment actions against Plaintiff, including threats to her performance evaluation, unfounded disciplinary accusations, and other actions that would dissuade a reasonable employee from engaging in protected activity. Burlington N. & Santa Fe Ry. Co. v. White, 548 U.S. 53, 68 (2006).

33. These adverse actions were causally connected to Plaintiff's protected activity based on temporal proximity and the substance of Defendant's responses to her complaints.

34. Defendant knew or should have known of the retaliatory conduct but failed to correct it.

35. As a direct and proximate result, Plaintiff has suffered damages, including emotional distress and harm to her employment prospects.

**REQUEST FOR RELIEF**

Plaintiff requests that the Court enter judgment in her favor and against Defendant, as follows:

A. As to Count I, a Judgment:

Awarding Plaintiff compensatory damages, punitive damages, and other relief for Defendant's retaliatory harassment;

B. As to Count II, a Judgment:

Awarding Plaintiff compensatory damages, punitive damages, and injunctive relief to remedy the discriminatory, hostile work environment;

C. As to Count III, a Judgment :

Awarding Plaintiff compensatory damages, liquidated damages for willful violations, and other relief for Defendant's age-based harassment;

D. As to Count IV a Judgment:

Awarding Plaintiff compensatory damages, punitive damages, back pay, front pay, and other equitable relief

E. Award Plaintiff compensatory damages for emotional distress, pain, and suffering.

F. Award Plaintiff back pay, front pay, and other equitable relief as appropriate.

G. An order requiring Defendant to pay both pre-judgment and post-judgment interest on all amounts awarded;

H. An award of reasonable attorneys' fees, costs, and expenses pursuant to 42 U.S.C. § 2000e-5(k) and 29 U.S.C. § 216(b);

I. A permanent injunction enjoining Defendant from further discriminatory, retaliatory, and harassing conduct, requiring diversity training, and ordering other appropriate equitable relief; and

J. Such other and further relief as the Court deems just and proper.

DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury as to all issues so triable.

Respectfully submitted,

**THE ELIRA LAW FIRM, LLC**
/s/ Patricia R. Peterson
Patricia R. Peterson, Esquire
Attorney ID No. 2511201187
5302 E. Court Drive
Upper Marlboro, MD 20774
Sqelaw@gmail.com
ppetersoneliralaw@gmail.com
(301) 936-1418 (Office)
(301) 218-9406 (Fax)
(410) 934-4926 (Cell)