**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

| | |
|---|---|
| CARDELIA MAUPIN, | |
| Plaintiff, | |
| v. | Civil Action No. 1:26-cv-01429-RDB |
| HO K. NIEH, in his official capacity as Chairman of the United States Nuclear Regulatory Commission, | |
| Defendant. | |

## MEMORANDUM IN SUPPORT OF MOTION TO DISMISS

Defendant, Ho K. Nieh, in his official capacity as the Chairman of the United States

Nuclear Regulatory Commission ("NRC"), respectfully submits this memorandum in support of

his Motion to Dismiss in accordance with Fed. R. Civ. P. 12(b)(6).

## Introduction

Plaintiff Cardelia Maupin, a current employee of the NRC, alleges that she was subjected

to retaliation, discrimination, and a hostile work environment in violation of Title VII of the

Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq*., and the Age Discrimination in Employment

Act (ADEA), 29 U.S.C. § 621, *et seq*.  But Plaintiff does not allege facts that would plausibly

establish that she was the subject of discrimination, retaliation, or hostile harassment.  Her

Complaint contains vague and conclusory allegations, cannot establish logical causal

connections to protected employment activity, and otherwise fails to set forth viable claims.  This

Court should dismiss her case in its entirety.

**<u>Factual Background</u>**

Plaintiff is a 67-year-old African American woman employed by the NRC in Rockville, Maryland, as a Senior Project Manager/Health Physicist.  Complaint, ECF No. 1 ("Compl.") ¶ 3. Beginning in late 2022, Plaintiff alleges that she became the target of workplace hostility and harassment.  Specifically (yet vaguely), Plaintiff alleges that on December 13, 2022, she was in a meeting with colleagues in which her "statements and contributions were mischaracterized in a manner that undermined her credibility in front of colleagues."  Compl., Statement of Facts, ¶ 1. Plaintiff alleges these events "stemmed from" her purportedly having "raised harassment concerns against a previous employee."  *Id*. ¶ 2.  The Complaint is silent as to the nature of the concerns, as well as when and to whom Plaintiff allegedly raised them.

During the next month, though the Complaint does not say how frequently, Plaintiff was allegedly "accused of unprofessional conduct without fair investigation or factual basis."  *Id*. ¶ 3. Three months later, at two different meetings, Plaintiff's unidentified supervisors and coworkers allegedly "treated Plaintiff in a disrespectful and dismissive manner" and allegedly "management failed to take appropriate action when a white male disrespected Plaintiff, accused" Plaintiff "of lying, and justified the disrespect."  *Id*. ¶ 4.  Plaintiff also alleges—again without specifying who did so or when or what specifically was said—that she was "subjected to statements and conduct indicating that her performance evaluation could be negatively affected due to her participation in EEO activity."  *Id*. ¶ 5.  Plaintiff also alleges that "[o]n or about April 27, 2023, [sic] informed of Supervisor's plan to lower performance," presumably meaning that Plaintiff was so informed. *Id*. ¶ 6.  It should be noted there is no allegation whether Plaintiff's performance evaluation was, in fact, "lowered," or by whom or when.

The Complaint goes on to characterize the harassment and retaliation as consisting of "undermining Plaintiff's professional credibility" through "mischaracterizing and minimizing her contributions during team meetings and communications" with NRC "leadership." *Id*. ¶ 13a. Unidentified supervisors and managers allegedly made "unfounded accusations of unprofessional and harassing conduct against Plaintiff" unfairly. *Id*. ¶ 13b. They allegedly engaged in "hostile, disrespectful, and demeaning conduct" toward Plaintiff, which was "designed to isolate and marginalize" Plaintiff. And they allegedly "issu[ed] disciplinary threats and adverse performance evaluations" that were "tied to and following Plaintiff's exercise of her [Equal Employment Opportunity ('EEO')] rights." *Id*. ¶ 13d.

On May 11, 2023, Plaintiff filed an EEO complaint alleging discrimination and retaliation. Compl. ¶ 5. The NRC issued a final decision on November 21, 2024, finding no discrimination or retaliation. *Id*. ¶ 6. Plaintiff appealed to the Equal Employment Opportunity Commission ("EEOC"), and on January 13, 2026, the EEOC affirmed the NRC's decision. *Id*. ¶ 7-8.

## Standard of Review

Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P 8(a)(2). The purpose of Rule 12(b)(6) is "to test the sufficiency of a complaint and not to resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006) (internal quotations omitted).

To survive a motion under Rule 12(b)(6), a complaint must contain facts sufficient to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 684 (2009)

3

(quoting *Bell Atl., Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  Under the plausibility standard,

a complaint must contain "more than labels and conclusions" or a "formulaic recitation of the

elements of a cause of action."  *Twombly*, 550 U.S. at 555; *see Painter's Mill Grille, LLC v.

Brown*, 716 F.3d 342, 350 (4th Cir. 2013).  A complaint need not include "detailed factual

allegations."  *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).  A complaint must,

however, set forth "enough factual matter (taken as true) to suggest" a cognizable cause of

action, "even if…[the] actual proof of those facts is improbable and…recovery is very remote

and unlikely."  *Twombly*, 550 U.S. at 556 (internal quotations omitted).  "Threadbare recitals of

the elements of a cause of action, supported by mere conclusory statements, do not suffice" to

plead a claim.  *Iqbal*, 556 U.S. at 678; *see A Soc'y Without a Name v. Virginia*, 655 F.3d 342,

346 (4th. Cir. 2011).  Although the plausibility requirement does not impose a "probability

requirement," *id*. at 556, "[a] claim has facial plausibility when the plaintiff pleads factual

content that allows the court to draw the reasonable inference that the defendant is liable for the

misconduct alleged," *Iqbal*, 556 U.S. at 678.

<u>**Argument**</u>

1.      **The protected EEO activity identified by Plaintiff occurred after the alleged instances of retaliation and thus cannot provide the causal connection required for a viable retaliation claim.**

Counts I and IV of the Complaint allege retaliation under Title VII.[1]  A "Title VII

plaintiff is 'required to allege facts to satisfy the elements of a cause of action created by that

---

[1] Upon close review, Counts I and IV of the Complaint both allege that Plaintiff suffered retaliation in violation of Title VII.  More specifically, Plaintiff characterizes the alleged mistreatment of her as "retaliatory harassment" in Count I, but relies on those same allegations by incorporation to allege "retaliation" in Count IV.  Compl. ¶¶ 11-17, 30-35.  Courts have occasionally used the phrase "retaliatory harassment" to mean a claim for retaliation under Title VII, *see Von Gunten v. Maryland*, 243 F.3d 858, 865 (4th Cir. 2001), *abrogated by Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53 (2006), or to mean a claim for hostile work

4

statute.'" *Bing v. Brivo Sys.*, LLC, 959 F.3d 605, 616 (4th Cir. 2020) (quoting *McCleary-Evans v. Md. Dep't of Transp.*, 780 F.3d 582, 585 (4th Cir. 2015)).  To establish a claim of retaliation under Title VII, a plaintiff must show (1) that she engaged in a protected activity, (2) that her employer took a "materially" adverse action against her, and (3) that a causal connection existed between the activity and the adverse action.  *Sargent v. Franklin Square Hosp. Ctr., Inc.*, No. 24-cv-0795-RDB, 2024 WL 4135476, at *6 (D. Md. Sept. 10, 2024), *aff'd*, No. 24-1972, 2025 WL 1218988 (4th Cir. Apr. 28, 2025) (citing cases).

The Complaint's allegations make the finding of a causal connection here untenable.  In Count I, Plaintiff alleges that on May 11, 2023, she engaged in protected activity by filing an EEO complaint alleging discrimination based on race, sex, age, color, and prior protected EEO activity.  Compl. ¶¶ 10, 13.  She further alleges that the retaliatory harassment was "causally connected to Plaintiff's protected activity, as evidenced by the close temporal proximity between her EEO complaint and the onset of the harassment."  Compl. ¶ 15.  This allegation also serves as the stated basis for her retaliation claim of Count IV: "Plaintiff engaged in protected activity under Title VII by filing an EEO complaint opposing unlawful employment practices."  Compl. ¶ 31.  Thus, Plaintiff's retaliatory harassment and retaliation claims stem from her May 11, 2023, EEO complaint, according to Plaintiff.

However, "any adverse action that predates" May 11, 2023, "cannot form the basis of a retaliation claim." *See Diallo v. Noem*, Civ. No. 8:24-cv-421-PX, 2025 WL 712933, at *7 (D. Md. March 5, 2025) (citing *Short v. Berryhill*, Civ. A. No. 18-cv-2714-ELH, 2019 WL 4643806,

---

environment under Title VII, *see Albero v. City of Salisbury*, 422 F. Supp. 2d 549, 560 (D. Md. 2006) ("retaliatory harassment" subjected to the elements for a hostile work environment claim). To the extent Count I is read to state a retaliation claim (as it most clearly appears to do), then the arguments in this section apply to Counts I and IV equally.

at *20 (D. Md. Sept. 24, 2019)).  Rather, "for purposes of [her] retaliation claim, only actions [NRC] took after this date could potentially be deemed retaliatory." *Snyder v. Azar*, Civ. A. No. TDC-18-0511, 2020 WL 4605223, at *12 (D. Md. Aug. 10, 2020).  The incidents Plaintiff alleges cannot form the basis of her retaliation claim because those incidents occurred before the identified EEO complaint on May 11, 2023.  *See* Compl., Statement of Facts ¶ 1-2 (mischaracterization of Plaintiff's statements and contributions at meetings on December 13, 2022); *id*. ¶ 3 (unprofessional conduct between December of 2022 and January of 2023); *id*. ¶ 4 (March 7 and March 9, 2023, incidents where Plaintiff alleges she was treated in a disrespectful and dismissive manner, including by a white male); *id*. ¶ 6 (April 27, 2023, and (undated) mid-year performance review alleged statements by a supervisor that her performance evaluation could be impacted by her EEO activity).  Put simply, to the extent the alleged incidents arise out of the May 11, 2023, EEO complaint, those allegations are not a viable basis for her retaliation claim because they cannot meet the causal connection element required.

There is also no allegation that her supervisors knew of the May 11, 2023, EEO complaint before Plaintiff filed it.  Ultimately, if the employer did not know of the protected activity, then even temporal proximity cannot save a plaintiff's claim.  *Arsenault v. Dep't of Pub. Safety & Corr. Servs.*, No. 20-cv-0998-RDB, 2020 WL 7694472, at *6 (D. Md. Dec. 28, 2020) (citing *Price v. Thompson*, 380 F.3d 209, (4th Cir. 2004), *abrogation on other grounds recognized by Waag v. Sotera Defense Solutions, Inc.*, 857 F.3d 179, 192 (4th Cir. 2017) (explaining that an employer must know the employee engaged in protected activity as a prerequisite to establishing a causal connection)).  Accordingly, the Court should dismiss Plaintiff's claims for retaliation asserted in Counts I and IV of the Complaint.  Plaintiff cannot establish the temporal proximity requirement of a retaliation claim under Title VII.

Even if Counts I and IV could satisfy causation requirement, dismissal would still be warranted because Plaintiff offers conclusory allegations and nothing more in the Complaint to support the plausibility of her claim that the agency's conduct was the result of a retaliatory animus.  *See Kelly v. Berryhill*, No. CV RDB-18-0049, 2019 WL 1300816, at *5 (D. Md. Mar. 20, 2019) (employers' knowledge of plaintiffs EEO activity and temporal proximity, without more, insufficient for court to find plaintiff's retaliation allegation plausible).  Plaintiff vaguely identifies a number of unpleasant interactions and unspecified threats to her performance evaluation but does not, however, allege facts that would allow the Court to plausibly infer that such purported adverse actions were in any way connected to or motivated by Plaintiff filing an EEO complaint or taking any other putatively protected action (although Plaintiff points to none).  Because Plaintiff cannot establish causal connection or retaliatory animus from the allegations of the Complaint, Counts I and IV should be dismissed.

2.      **The hostile work environment claims under Title VII and the ADEA should be dismissed because Plaintiff has failed to allege that the harassment was based on her race, age or color, that her alleged mistreatment was severe or pervasive, or that there is any basis to impose liability on the NRC**.

Plaintiff alleges that she was subjected to discrimination in the form of an unlawful hostile work environment in Count II (under Title VII) and Count III (under the ADEA). Plaintiff's hostile work environment claim cannot be sustained because Plaintiff does not allege facts that meet the bar for hostile work environment under Fourth Circuit law.

Hostile work environment cases under the ADEA or Title VII follow substantially the same analytical approach.  *See Goods v. Mayor & City Council of Baltimore*, No. 19-cv-2519-SAG, 2020 WL 6135146, at *3 (D. Md. Oct. 19, 2020); *Sammarco v. Bd. of Educ. of Prince George's Cnty.*, No. 13-cv-01079-CCB, 2013 WL 5274277, at *4 (D. Md. Sept. 16, 2013), *aff'd sub nom. Sammarco v. Prince George Pub. Schs.*, 556 F. App'x 200 (4th Cir. 2014).  To

establish a prima facie case for a hostile work environment claim under the ADEA or Title VII, a plaintiff must demonstrate that: "(1) the harassment was unwelcome; (2) the harassment was based on [her sex, age, race, or disability]; (3) the harassment was sufficiently severe or pervasive to alter the conditions of employment and create an abusive atmosphere; and (4) there is some basis for imposing liability on the employer." *Draughn v. Wormuth*, No. 20-cv-3625-RDB, 2021 WL 5742236, at *5 (D. Md. Dec. 1, 2021) (citing *Causey v. Balog*, 162 F.3d 795, 801 (4th Cir. 1998)).  At a minimum, Plaintiff cannot satisfy the second and third elements above, and her hostile work environment claims should be dismissed.

> **a.      Plaintiff fails to sufficiently plead that her alleged mistreatment was because of her race or age.**

Plaintiff does not allege facts that suggest she was subjected to offending behavior that was both unwelcome and based on her race, color, or age.  As this Court has explained, Plaintiff must show that "but for" her race, age, or color she would not have been subjected to the alleged discrimination.  *See Bowen v. Maryland, Dep't of Pub. Safety & Corr. Servs.*, No. 17-cv-1571-RDB, 2018 WL 1784463, at *12 (D. Md. Apr. 12, 2018) (explaining that protections apply to race, gender, or age, and dismissing claim on the basis that plaintiff failed to plead any connection between her protected status and the alleged hostility); *Draughn*, 2021 WL 5742236, at *6 (determining that plaintiff did not "allege sufficient facts to show that any harassment was based on her membership in a protected class").

In this case, Plaintiff only offers vague and conclusory assertions that her alleged mistreatment was due to her age, race, and color but fails to state one factual allegation that would support those assertions.  Plaintiff "does not point to any situation in which her supervisors or colleagues made offensive utterances regarding her race or age," *see Sammarco*, 2013 WL 5274277, at *4, and identifies no instance where her alleged mistreatment can be

8

discerned based on her age or race or complexion.  Plaintiff's conclusory, speculative claims that the agency "subjected" her "to unwelcome conduct that was based on her race, sex, and color," and "age," *see* Compl. ¶ 20, are insufficient to state a viable claim.  *Boyd v. Amazon.com, Inc.*, No. 23-cv-00799-SAG, 2023 WL 5671598, at *3 (D. Md. Aug. 31, 2023) ("A 'hostile work environment' is not simply an unpleasant one, it must be premised on the plaintiff's membership in a protected class to be actionable."); *see also Gilliam v. S.C. Dep't of Juv. Just.*, 474 F.3d 134, 142 (4th Cir. 2007) (finding no hostile work environment where plaintiff "has not shown that her alleged harassment was based upon race."); *Vincent v. MedStar S. Maryland Hosp. Ctr.*, No. 16-cv-1438-TDC, 2017 WL 3668756, at *10 (D. Md. Aug. 22, 2017) (finding no hostile work environment where "there is insufficient evidence to establish that the unwelcome conduct was racially motivated.").

The Complaint lacks any alleged race, sex, color, or age-related comments, fails to identify a similarly situated comparator who the agency allegedly treated better than Plaintiff, and provides no other facts suggesting discriminatory animus.  Simply alleging that the agency's actions were "based on" Plaintiff's race, sex, color, and/or age, is the type of speculative, formulaic claim rejected as insufficient.  *See McCleary-Evans v. Maryland DOT*, 780 F.3d 582 (4th Cir. 2015) (a complaint that merely alleges the "plausibility" of relief is speculative and insufficient, because allegations must "be enough to raise a right to relief above the speculative level" (emphasis added)) (quoting *Twombly*, 550 U.S. at 555).  Plaintiff's efforts to tie her colleagues' comments to her race and age, rather than, say, her own behavior in the workplace, do not state an actionable cause against her employer for a discriminatory, hostile work environment.

> **b.      The alleged mistreatment does not rise to the level of severe or pervasive harassment.**

Plaintiff does not allege facts that could show the behavior at issue was sufficiently severe or pervasive to reach the level of a hostile work environment.  This Court has explained that the Fourth Circuit has set a "high bar in order to satisfy the severe or pervasive test." *Draughn*, 2021 WL 5742236, at \*5 (quoting *EEOC v. Sunbelt Rentals, Inc.*, 521 F.3d 306, 315 (4th Cir. 2008)). The Fourth Circuit has recognized that,

> [w]orkplaces are not always harmonious locales, and even incidents that would objectively give rise to bruised or wounded feelings will not on that account satisfy the severe or pervasive standard.  Some rolling with the punches is a fact of workplace life. Thus, complaints premised on nothing more than "rude treatment by [coworkers]," "callous behavior by [one's] superiors," or "a routine difference of opinion and personality conflict with [one's] supervisor," are not actionable under Title VII.

*Sunbelt Rentals, Inc.*, 521 F.3d at 315-16 (further stating that, with respect to general allegations of consistent "condescending and abusive language and behavior," "[w]ithout details about the nature of the remarks and behavior at issue, it is impossible for the Court to determine whether the behavior she complains of would be seen as objectively hostile by a 'reasonable person' "); *see also Bass v. E.I. DuPont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003); *Hawkins v. PepsiCo, Inc.*, 203 F.3d 274, 276 (4th Cir. 2000)); *Kelly v. Berryhill*, No. 1:18-cv-0049-RDB, 2019 WL 1300816, at \*5 (D. Md. Mar. 20, 2019) (explaining that "Title VII... [is] not 'a general civility code for the American workplace.' The anti-retaliation provisions protect individuals 'from retaliation that produces an injury or harm,' but not from "petty slights or minor annoyances that often take place at work and that all employees experience") (quoting *Oncale v. Sundowner Offshore Serv., Inc.*, 523 U.S. 75, 80 (1998); *Burlington*, 548 U.S. at 67-68)).

In weighing whether conduct was sufficiently "severe or pervasive," courts consider the following factors: (1) the frequency of the discriminatory conduct; (2) its severity; (3) whether it

10

is physically threatening or humiliating, or a mere offensive utterance; and (4) whether it unreasonably interferes with an employee's work performance. *Draughn*, 2021 WL 5742236, at *5 (citing *Harris v. Forklift Sys*., 510 U.S. 17, 23 (1993)). Plaintiff's allegations fall short of this standard.

Plaintiff alleges the agency engaged in "retaliatory harassment" and took "discrete materially adverse employment actions" after she filed an EEO complaint. Complaint ¶¶13, 32. But the Complaint vaguely describes the agency's alleged retaliation and harassment as "undermining [her] professional credibility" by "mischaracterizing and minimizing [her] contributions," "making unfounded accusations" of her "unprofessional and harassing conduct," treating her in a "disrespectful" and "demeaning" manner, and issuing her "disciplinary threats" and "adverse performance evaluations." Complaint ¶¶13, 32. The Complaint is utterly silent as to which agency official(s) engaged in these allegedly retaliatory and harassing acts, omissions, and/or statements.

Courts also have long recognized that the kind of workplace annoyances, inconveniences, personality conflicts, and other ordinary, run-of-the-mill unpleasantness that comes at times when working with other people falls short of the high bar for the kind of pervasive and severe treatment a reasonable person would find objectively hostile. For harassment to be sufficiently severe or pervasive, the workplace must be "permeated with discriminatory intimidation, ridicule, and insult." *Sammarco*, 2013 WL 5274277, at *4 (finding "a variety of generalized statements about the way" coworkers treated plaintiff, including by being "mistreated and unfairly criticized," did not meet the standard for a hostile work environment). Generalized allegations of "workplace bullying, undesirable work assignments, fabricated performance reviews, unsafe working conditions, and engaging in actions which

11

undermined Plaintiff's professional credibility" are, as this Court has concluded, insufficient to meet the high standard for stating a claim for a hostile work environment. *Arsenault v. Dep't of Pub. Safety & Corr. Servs.*, No. 20-cv-0998-RDB, 2020 WL 7694472, at *4 (D. Md. Dec. 28, 2020) (granting motion to dismiss); *Chadha v. Northrop Grumman Sys. Corp.*, No. 16-cv-1087-RDB, 2017 WL 3226861, at *4 (D. Md. July 31, 2017) (referring to plaintiff as "old man" did not amount to a severe and pervasive hostile work environment.).

Plaintiff is required to allege facts sufficient to show that the alleged harassment was based on her age or race, and to show that the harassment was sufficiently severe or pervasive to alter the conditions of employment and create an abusive atmosphere. Plaintiff's allegations are vague and conclusory and fail to meet that standard. This Court should dismiss Counts II and III for failure to state a claim with the sufficiency required by the law.

## Conclusion

The Complaint fails to plead sufficient allegations to show that Plaintiff's claims for retaliation and retaliatory harassment in Counts I and IV and for hostile work environment in Counts II and III are plausible. Accordingly, this Court should dismiss the Complaint in its entirety for failure to state a claim under Fed. R. Civ. P. 12(b)(6).

Date:   August 3, 2026

Respectfully submitted,

Kelly O. Hayes
United States Attorney

*/s/ Theodore W. Atkinson*
Theodore W. Atkinson
(Bar No. 32225)
Assistant United States Attorney
36 S. Charles Street, Fourth Floor
Baltimore, Maryland 21201
Tel.: 410-209-4921
theodore.atkinson2@usdoj.gov
*Counsel for Defendant*

12

## <u>CERTIFICATE OF SERVICE</u>

I certify that on August 3, 2026, I caused a copy of the foregoing to be served on Plaintiff by filing a copy of the same through this Court's CM/ECF system, in accordance with Local Rule 102(1)(c).

*/s/ Theodore Atkinson*
THEODORE W. ATKINSON
Assistant United States Attorney