**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

| | |
|---|---|
| **CARDELIA MAUPIN,**<br><br>Plaintiff,<br><br>v.<br><br>**HO K. NIEH,** in his official capacity as Chairman of United States Nuclear Regulatory Commission,<br><br>Defendant. | Case No: 1:26-cv-01429-RDB |

**CONSENT MOTION TO EXTEND TIME WITHIN TO FILE AN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS**

Plaintiff, Cardelia Maupin, by and through counsel, Samuel Q. Elira Sr. and THE ELIRA LAW FIRM, LLC, respectfully moves this Court pursuant to Fed.R.Civ.P. 6(b)(1)(B) and Local Rule 105(9), with the consent of counsel for Defendant, for an extension of time within which Plaintiff may secure new counsel or inform the Clerk of Court that she intends to proceed without counsel and may file her opposition to Defendant's Motion to Dismiss (ECF No. 13). In support thereof, Plaintiff states as follows:

1. Plaintiff commenced this action by filing her Complaint on April 13, 2026

2. On August 3, 2026, Defendant filed his Motion to Dismiss (ECF No. 13) pursuant to Fed. R. Civ. P. 12(b)(6).

3. Pursuant to Local Rule 105.2(a), Plaintiff's response to Defendant's Motion to Dismiss was due on or before Monday, August 24, 2026.

4. While undersigned counsel was preparing to file a timely opposition to the Motion to Dismiss, Plaintiff formally requested that undersigned counsel should withdraw his appearance in this matter.

5. Pursuant to the Local Rules, undersigned counsel on August 26, 2026, sent to the Plaintiff the required Notice of Withdrawal. A motion to withdraw will be ripe no less than seven days thereafter.

6. To protect Plaintiff's case before the Court, undersigned counsel seeks this extension of time to allow Plaintiff the time necessary to take the steps required under the Local Rules, as narrated in counsel's Notice of Withdrawal, and to file her opposition to the Motion to Dismiss.

7. An extension of time is necessary to ensure that Plaintiff does not suffer any prejudice resulting from the transition in representation. This is Plaintiff's first request for an extension of time to respond to the Motion to Dismiss. The request is made in good faith, is not sought for purposes of delay, and will not prejudice Defendant in any way.

8. Rule 6(b)(1)(B) permits the Court, after the time to act has expired, to extend a deadline "if the party failed to act because of excusable neglect." Courts consider the danger of prejudice to the non-movant, the length of delay and its impact on the proceedings, the reason for the delay, including whether it was within the movant's control, and whether the movant acted in good faith. Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 395 (1993).

9. Each of these factors favors an extension here. The delay is measured in days. Defendant's Motion to Dismiss remains fully pending and undecided, so no prejudice results from allowing Plaintiff an additional time to respond. The delay arose from an unanticipated change in counsel representation, rather than from any strategic decision to forgo a response. Plaintiff has acted in good faith by promptly seeking this extension. This Court favors resolution of disputes on their merits. See Colleton Preparatory Acad., Inc. v. Hoover Universal, Inc., 616 F.3d 413, 417 (4th Cir. 2010).

10. Pursuant to Local Rule 105(9), undersigned counsel sent an email to counsel for the United States seeking his consent. Counsel for the Defendant has graciously consented to an extension of 30 days.

WHEREFORE, Plaintiff respectfully requests that this Court grant this Motion and extend the time within which Ms. Maupin may secure new counsel or inform the Clerk of Court that she would proceed without counsel and file an opposition to Defendant's Motion to Dismiss.

Respectfully submitted,

**THE ELIRA LAW FIRM, LLC**

/s/ Samuel Q. Elira
Samuel Q. Elira Sr., Esquire
Bar Number: 22164
5302 East Court Drive
Upper Marlboro, MD 20772
samelira@eliralawfirm.com
(301) 936-1418 (office)
(301) 218-9406 (fax)
(410) 934-4926 (cell)

## CERTIFICATE OF SERVICE

I hereby certify that on this 28th day of August 2026 a copy of the foregoing was filed electronically via the Court's CM/ECF system. Notice of this filing will be sent by operation of the Court's CM/ECF system to all parties indicated on the electronic filing receipt. A copy of the foregoing will also be delivered by email to the following:

Theodore W. Atkinson, Esquire
(Bar Number 32225)
Assistant United States Attorney
36 S. Charles Street
Fourth Floor
Baltimore, Maryland 21201
theodore.atkinson2@usdoj.gov
Counsel for Defendant

/s/ Samuel Q. Elira
Samuel Q. Elira Sr., Esquire